# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-50264
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 9, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL ALBERTO CARRILLO-MORENO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-1283-1

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Manuel Alberto Carrillo-Moreno pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced to 70 months of imprisonment and three years of supervised release. Carrillo-Moreno challenges the substantive reasonableness of his sentence, arguing that his sentence is unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). He contends that the illegal reentry

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guideline, U.S.S.G. § 2L1.2, is not empirically based and double counts the defendant's criminal history.  He argues that the presumption of reasonableness should not apply, but he concedes that his argument is foreclosed by *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009), and *United States v. Campos-Maldonado,* 531 F.3d 337, 339 (5th Cir. 2008), and he raises the argument to preserve it for possible review by the Supreme Court. He further argues that the guidelines range overstated the seriousness of the offense, which was essentially a trespass, and failed to account for his benign motive for reentering the country, that is, his fear for his life in Mexico, his ties to this country, and his cultural assimilation.

We review sentences for substantive reasonableness, in light of the § 3553(a) factors, under an abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 49-51 (2007).  A within-guidelines sentence is entitled to a presumption of reasonableness.  *See Rita v. United States*, 551 U.S. 338, 347 (2007).  "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors."  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

As he so concedes, Carrillo-Moreno's argument that the presumption of reasonableness should not apply to his sentence because § 2L1.2 lacks empirical support has been rejected by this court.  *See Duarte*, 569 F.3d at 529-31.  His argument that his guidelines range was greater than necessary as a result of "double counting" is unavailing.  The Guidelines provide for consideration of a prior conviction for both criminal history and the § 2L1.2 enhancement.  *See* § 2L1.2, comment. (n.6).  We have also rejected the argument that such double-counting necessarily renders a sentence

unreasonable. *See Duarte*, 569 F.3d at 529-31. We have previously rejected the argument that illegal reentry is merely a trespass offense that is treated too harshly under § 2L1.2. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Carrillo-Moreno's argument concerning his benign motive for reentry fails to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

The district court heard the arguments of Carrillo-Moreno's counsel concerning his reasons for reentering the United States before imposing a sentence within the advisory guidelines range. The district court considered Carrillo-Moreno's personal history and characteristics and the other statutory sentencing factors in § 3553(a), in particular Carrillo-Moreno's previous illegal reentry conviction and sentence, prior to imposing the sentence. Carrillo-Moreno's disagreement with the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See Cooks*, 589 F.3d at 186.

Carrillo-Moreno has not demonstrated that the district court abused its discretion by sentencing him to a within-guidelines sentences of 70 months. *See Gall*, 552 U.S. at 51. The judgment of the district court is AFFIRMED.